Ted A. Greene, Esq. (SBN: 220392)
Michael D. Maloney, Esq. (SBN: 208297)
**LAW OFFICES OF TED A. GREENE, INC.**
1912 F Street, Suite 110
Sacramento, California 95811
Telephone:  (916) 442-6400
Facsimile:  (916) 266-9285
Email: tgreene@tedgreenelaw.com
        mmaloney@tedgreenelaw.com

Attorneys for Plaintiff,
**GENET HABTEMARIAM**

# UNITED STATES DISTRICT COURT

## IN AND FOR THE EASTERN DISTRICT OF CALIFORNIA

### SACRAMENTO

|  |  |
|---|---|
| GENET HABTEMARIAM,<br><br>                    Plaintiff,<br><br>        vs.<br><br>VIDA CAPITAL GROUP, LLC; US MORTGAGE RESOLUTION; PNC BANK, NATIONAL ASSOCIATION; DOES 1 to 50, inclusive,<br><br>                    Defendants. | **CASE NO.:** 2:16-cv-01189-MCE-GGH<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT PNC BANK'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>Date:    May 18, 2017<br>Time:    2:00 p.m.<br>Dept.:   Courtroom 7, 14th Floor<br>Judge:   Hon. Morrison C. England, Jr. |

PLAINTIFF'S OPPOSITION TO PNC BANK'S MOTION TO DISMISS 2:16-CV-01189-MCE-GGH

1   Plaintiff GENET HABTEMARIAM ("Plaintiff"), by and through counsel, respectfully submit

2   this Memorandum of Points and Authorities in support of her Opposition to Defendant PNC BANK

3   N.A.'s Motion to Dismiss the First Amended Complaint as follows:

4   **INTRODUCTION**

5   This case is a zombie debt case regarding a debt fully discharged under the law pursuant to

6   issuance of a 1099-C by PNC BANK N.A. to Plaintiff that came back from the dead to haunt her

7   resulting in wrongful foreclosure of her home by VIDA CAPITAL GROUP, LLC.  PNC BANK N.A.

8   discharged Plaintiff's second mortgage utilizing the 1099-C procedure pursuant to settlements it

9   entered into with governmental agencies, and then fraudulently turned around and sold the discharged

10  debt to a third party US MORTGAGE, who sold the uncollectable debt to a fourth party VIDA

11  CAPITAL GROUP, LLC, who engaged in bad faith settlement practices and ultimately foreclosed

12  illegally because the deed of trust it held was worthless on the property located at 7 Shipman Court,

13  Sacramento, CA 95823 ("SUBJECT PROPERTY").

14  Plaintiff has sufficiently pled her complaint as to the (second and incorrectly numbered) fifth

15  (5) cause of action that is the subject of this motion to dismiss.  During the prior motion to dismiss,

16  Plaintiff requested leave to amend the complaint to allege breach of contract against PNC BANK

17  N.A., based upon PNC BANK N.A.'S breach of the settlement agreements it entered into with

18  governmental agencies based upon Plaintiff's third party beneficiary status because PNC BANK

19  N.A. received the benefit from the settlements by applying the 1099-C discharge to their agreement

20  with these entities to provide relief to borrowers, and then fraudulently turned around and sold the

21  discharged debt to a third party exposing Plaintiff to damages caused by these third parties for which

22  PNC BANK N.A. is the actual direct and proximate cause.  It is this amendment that is under attack

23  in this motion.

24

25  **LEGAL STANDARD**

26  Rule 12(b)(6) provides that parties may assert by motion a defense based on "failure to state

1    a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In *Conley v. Gibson*, 355 U.S. 41

2    (1957), the Supreme Court stated the interplay between Rule 8 (pleading) and Rule 12(b)(6) as

3    follows: "[T]he accepted rule [is] that a complaint should not be dismissed for failure to state a claim

4    unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim

5    which would entitle him to relief." 355 U.S. at 45-46. In *Bell Atlantic Corporation v. Twombly*, 55

6    U.S. 544 (2007), the Court noted questions raised regarding the "no set of facts" test and clarified that

7    "once a claim has been stated adequately, it may be supported by showing any set of facts consistent

8    with the allegations in the complaint," *id.* at 563. It continued: "*Conley*, then, described the breadth of

9    opportunity to prove what an adequate complaint claims, not the minimum standard of adequate

10   pleading to govern a complaint's survival." *Id.* In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Court

11   further elaborated on the test, including this statement: "To survive a motion to dismiss, a complaint

12   must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on

13   its face.'" *Id.* at 1949 (citation omitted). Where a complaint is inadequate, leave to amend the

14   complaint is common. *See, e.g.*, *Butt v. United*

15   *Brotherhood of Carpenters & Joiners of America*, No. 09–4285, 2010 WL 2080034 (E.D. Pa. May 9,

16   2010).

17           Defendant has provided no persuasive legal authority to this Court that would result in

18   dismissal of the fifth cause of action with prejudice and this request as to the fifth cause of action

19   must therefore be denied because it is not an appropriate remedy.  "Rule 15(a) declares that leave to

20   amend 'shall be freely given when justice so requires'; this mandate is to be heeded. . .. In the

21   absence of any apparent or declared reason - such as undue delay, bad faith or dilatory motive on the

22   part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue

23   prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.

24   - the leave should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962)

25   Plaintiff requests leave to amend the fifth cause of action under this standard be granted if the

26   pleadings so require.

     / / /

1                         **LEGAL ARGUMENT**

2   **A.    The Cause of Action for Breach of Contract – Breach of the Covenant of Good Faith and**
3         **Fair Dealing is Properly Plead.**

4          PNC BANK N.A. Issued the 1099-C to Plaintiff as a result of settlement agreements it entered

5   with federal government agencies and received credit for this discharge under these settlement

6   contracts. While Plaintiff is not a named beneficiary of these settlement contracts that PNC BANK

7   N.A. entered with governmental agencies.  However, Plaintiff is entitled to damages for breach of

8   contract as the settlement agreements between PNC BANK N.A. and the governmental agencies  as

9   Plaintiff was intended to benefit from the contract.  *County of Santa Clara v. Astra USA,*

10  *Incorporated*, 540 F.3d 1094, 1101 (9th Cir. 2008) (third parties need not point to "a provision

11  expressly granting the third party the right to sue"). The expression of intent to benefit the third-party

12  beneficiary may be implied in the contract so long as the intent is unequivocally to benefit the third

13  parties directly. It is not necessary for Plaintiff to have been named in the contract, in deciding the

14  liability, the entire circumstances surrounding the contract may be considered.

15         Plaintiff seeks to enforce the contract under the settlement as a third party beneficiary because

16  her loan was the subject of the settlement agreements and PNC BANK N.A. as a successor in interest

17  to National City Bank, received credit for the discharge of debt pursuant to the 1099-C under these

18  agreements with the governmental agencies, yet fraudulently turned around and sold it to a fourth

19  party, and exposed Plaintiff to liability to these fourth parties in breach of the contract and has

20  incurred damages as a result.   Restatement (Second) of Contracts § 302. The fact of one party to the

21  contract being a government entity does not foreclose Plaintiff's right to sue to enforce and may even

22  facilitate it.  *Smith v. Chattanooga Medical Investors, Incorporated*, 62 S.W.3d 178 (Tenn. Ct. App.

23  2001); *County of Santa Clara v. Astra USA, Incorporated*, 540 F.3d 1094, 1103 (9th Cir. 2008).

24         Defendant PNC states in its Motion to Dismiss that "Plaintiff's breach of contract claim fails

25  to allege the existence of a contract or its specific terms verbatim, sufficiently to identify the alleged

26  contract, its terms or any alleged breach of such a contract." (Defendant PNC's Motion to Dismiss, p.

1  4; lines: 11-13.)

2       Paragraph 58 of Plaintiff's FAC states in part:

3       "loans made to African-American and Hispanic borrowers who suffered discrimination at the
        hand of National City Bank and charged borrowers higher rates not based on their credit
4       worthiness, but based on race and national origin (Plaintiff is African-American).  The
        settlement "entitled" affected borrowers to compensation and was intended to put money back
5       in the pockets of harmed consumers to make clear that GOVERNMENT will hold lenders
6       accountable for the effects of their discriminatory practices."

7       It appears that such language was sufficient to enable Defendant PNC to identify a "Consent

8  Order" entered between the Consumer Financial Protection Bureau, United States of America and

9  National City Bank, through its successor in interest, Defendant PNC dated December 23, 2013 and

10 entered on January 9, 2014 in the United States District Court for the Western District of

11 Pennsylvania.

12      This Consent Order states in relevant part (when quoting the operative Complaint in the

13 matter):

14       "National City Bank failed to implement or maintain adequate internal controls to identify
        and prevent discrimination prohibited by the ECOA and the FHA from occurring.  The
15      Complaint alleges that these policies and practices resulted in African-American and Hispanic
        borrows paying higher interest rates, fees and other costs than similarly situated non-Hispanic
16      White borrowers that could not be explained fully by factors unrelated to race and national
17      origin, in violation of the ECOA and the FHA." (See "Consent Order" attached to Defendant
        PNC's Request for Judicial Notice).

18      As a result of these allegations, a Remedial Order was entered pursuant to this Consent Order

19 whereby an amount of thirty-five million dollars ($35,000,000.00) was funded "to compensate

20 affected borrowers for monetary damages, equitable relief, and other damages that they may have

21 suffered as a result of National City Banks's alleged violations of the ECOA and the FHA." (See

22 "Consent Order" attached to Defendant PNC's Request for Judicial Notice).

23      The allegations contained in the fifth cause of action are virtually identical to the language

24 contained in the "Consent Order."  To state, as Defendant PNC does here, that Plaintiff references a

25 settlement agreement, rather than the "Consent Order" leading to confusion in the pleadings is

26 nothing but form over substance.  Notwithstanding, Plaintiff asserts that the allegations contained in

1  the fifth cause of action are plain and straightforward if inartfully plead.  Should the court require,

2  Plaintiff requests leave to amend to conform the fifth cause of action with specific references to the

3  "Consent Order."

4  As for the additional settlement agreement referenced in the fifth cause of action, Plaintiff

5  does not have access to the agreement and therefore such cannot be attached or referenced with

6  specificity.

7  With respect to Defendant PNC's argument that Plaintiff has not invoked any third-party

8  beneficiary theory in her fifth cause of action, and that if she has to the court's satisfaction, that she

9  was nothing more than an incidental beneficiary of the "Consent Order" without standing to bring

10  this cause of action.

11  Plaintiff alleges the following in her fifth cause of action in Paragraphs 56 and 57:

12  "PNC BANK N.A. Issued the 1099-C to Plaintiff as a result of two separate settlement
   agreements it entered into with federal government agencies and received credit for this
13  discharge under these settlement contracts. PNC BANK N.A. entered into agreements with
   U.S. Justice Department and the Consumer Financial Protection Bureau, and the Federal
14  Reserve and the Office of the Comptroller of the Currency ("GOVERNMENT").

15  Plaintiff was a third-party beneficiary to these agreements as her loan was the subject of each
   of these two distinct settlement agreements and PNC BANK N.A. as a successor in interest to
16  National City Bank, received credit for the discharge of debt pursuant to the 1099-C under
   these contracts with GOVENRNMENT, yet fraudulently turned around and sold it to a fourth
17  party, and exposed Plaintiff to liability to these fourth parties in breach of the contract and has
   incurred damages as a result."
18

19

20  A third party may qualify as a beneficiary under a contract where the contracting parties must

21  have intended to benefit that individual and such intent appears from the terms of the agreement. (See

22  *Brinton v. Bankers Pension Services, Inc.* (1999) 76 Cal. App. 4th 550, 558.)

23  Again, the loans subject to the "Consent Order" were made to African-American and

24  Hispanic borrowers who suffered discrimination at the hand of National City Bank and were charged

25  higher rates not based on their credit worthiness, but based on race and national origin.  Plaintiff is

26  African-American and a class of borrower identified in the "Consent Agreement."

1       Next, the settlement entitled affected borrowers to compensation and was "intended" to put

2  money back in the pockets of the harmed borrowers.

3       Plaintiff's loan was originated in 2007, by National City Bank, and this agreement was

4  regarding loans issued to African American and Hispanic borrowers whose loans originated from

5  2002-2009.

6       As such, Plaintiff simply is a third-party beneficiary and has standing to recover the damages

7  associated with the wrongful collection of the discharged debt after Defendant was given credit for

8  the debt.  It is important to remember that Plaintiff did not seek this 1099-C discharge.  She

9  confirmed that it was a valid document after discussing it with a representative of PNC BANK N.A.,

10  and then reported the 1099-C discharge to the IRS as income that same year as required.  No one has

11  amended this 1099-C; it has not been cancelled, and the statutory time for Plaintiff to revise her taxes

12  has passed.

13       Defendant PNC provided debt relief to Plaintiff in the form of the 1009-C discharge pursuant

14  to the provisions of "Consent Agreement" thereby cancelling her debt on this second mortgage and

15  releasing her from the obligation to repay the debt.  Plaintiff reported this debt cancellation as income

16  to the Internal Revenue Service.  Thereafter, PNC breached this agreement by selling this cancelled

17  debt leading to a foreclosure by Defendant VIDA CAPITAL GROUP, LLC.

18       Plaintiff asserts that Defendant's argument that "it is impossible to discern whether a contract

19  provision has been breached or whether Plaintiff was indeed an intended beneficiary" is without

20  merit and Defendant's Motion to Dismiss be denied.

21

22                                **CONCLUSION**

23       Based on the foregoing, Plaintiff asserts that the fifth cause of action is properly plead and

24  that Defendant PNC's Motion to Dismiss be denied.  In the alternative, Plaintiff requests leave to

25  amend to conform the fifth cause of action with specific references to the "Consent Order."

26       .

1    DATED:  April 19, 2017                    Respectfully submitted,

2                                              **LAW OFFICES OF TED A. GREENE, INC.**

3                                              By: */s/ Michael D. Maloney, Esq.*
4                                                  Michael D. Maloney, Esq.
                                                   Attorneys for Plaintiff
5                                                  GENET HABTEMARIAM

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

---

PLAINTIFF'S OPPOSITION TO PNC BANK'S MOTION TO DISMISS
2:16-CV-01189-MCE-GGH              7