3 pg.

Ted A. Greene (SBN 220392)
Michael D. Maloney (SBN 208297)
**LAW OFFICES OF TED A. GREENE, INC.**
1912 F Street, Suite #110
Sacramento, CA 95811
T: (916)442-6400
F: (916)266-9285
Email: tgreene@tedgreenelaw.com,
mmaloney@tedgreenelaw.com

Attorney for Plaintiff
GENET HABTEMARIAM

# UNITED STATES DISTRICT COURT

# EASETERN DISTRICT OF CALIFORNIA

# SACRAMENTO DIVISION

| | |
|---|---|
| GENET HABTEMARIAM,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>VIDA CAPITAL GROUP, LLC; US MORTGAGE RESOLUTION; PNC BANK, NATIONAL ASSOCIATION; GATEWAY BANK, N.A.; DOES 2 to 50, inclusive,<br><br>　　　　Defendants | **CASE NO.:** 2:16-cv-01189-MCE-GGH<br>[Consolidated with 2:16-cv-01836-MCE-GGH]<br><br>**REPLY TO OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**<br><br>**Date: August 17, 2017**<br>**Time: 11:00 a.m.**<br>**Courtroom: 7** |

REPLY TO OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION
2:16-cv-01189-MCE-GGH [Consolidated with 2:16-cv-01836-MCE-GGH]

## REASON FOR REPLY

Initially, the Defendant financial institutions paint the portrait of a Plaintiff who is happily working the system while living in the Subject Property rent free. Nothing could be further from the truth.

Plaintiff is a single woman who has been living in her home since 2001. She is keeping the property as her own. Ms. Habtermarian worries daily about whether or not she will lose her home through no fault of her own. Payments on the first mortgage (GATEWAY) were current up until the time that Defendant VIDA illegally and wrongfully foreclosed on the second mortgage. Ms. Habtermarian has had to initiate litigation and pay fees and costs to move forward in this litigation. She is fully invested in retaining her family home. However, once Defendant VIDA foreclosed, she essentially lost title to her home. It was not for her to continue to make the monthly mortgage payments to GATEWAY on behalf of Defendant VIDA who admits in its opposition that it "took title to the Property subject to Gateway's senior loan." (VIDA's Opposition, P. 3; l: 5-6). The Defendant financial institutions do not recognize that Plaintiff is the victim in this matter.

As to Defendant GATEWAY, its interest in the Subject Property is secured and will be throughout the pendency of this action. Plaintiff asserts that the value of the Subject Property is more than enough to satisfy GATEWAY's lien. However, should a preliminary injunction not issue, GATEWAY forecloses and sells the Subject Property to a bona fide purchaser for value, Plaintiff will have lost her home forever. As real property is considered unique (especially a property that has been Plaintiff's family home for 16 years), should the foreclosure occur, any recovery of money damages by Plaintiff in this matter will be insufficient as there is no remedy

that will make Plaintiff whole. Plaintiff is only requesting that the court maintain the status quo until this matter is resolved.

Plaintiff admits that this situation is unique in that it was Defendant VIDA who wrongfully foreclosed on Plaintiff's property. However, with equitable concepts in mind, a foreclosure by Defendant GATEWAY would be tantamount to assisting and/or ratifying Defendant VIDA'S wrongful conduct and an injunction should issue until title can be restored to Plaintiff.

## CONCLUSION

Based on the foregoing, Plaintiff respectfully requests this Court issue a preliminary injunction enjoining defendants, and any and all of their employees, agents, servants, or anyone acting on their behalf, from advertising, holding, conducting or participating in any foreclosure sale or Trustee's Sale of Plaintiffs' real property commonly known as 7 Shipman Court, Sacramento, California 95823, pending the resolution of this litigation or until further Order of this Court.

Date:   August 15, 2017                   By: /s/ Michael D. Maloney
                                          Michael D. Maloney, Esq.
                                          Attorney for Plaintiff
                                          GENET HABTERMARIAN