UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENET HABTEMARIAM,<br><br>Plaintiff,<br><br>v.<br><br>VIDA CAPITAL GROUP, LLC; US MORTGAGE RESOLUTION; PNC BANK; NATIONAL ASSOCIATION; and DOES 1 to 50, inclusive,<br><br>Defendants. | No. 2:16-cv-01189-MCE-GGH<br><br>**MEMORANDUM AND ORDER** |

In bringing this lawsuit, Plaintiff Genet Habtemariam alleges that her real property at 7 Shipman Court, Sacramento, California (the "subject property") was wrongfully subjected to foreclosure proceedings on a Second Deed of Trust that allegedly had been cancelled some five years previously by the owner of the note, Defendant PNC Bank, N.A. Despite that cancellation, Plaintiff alleges the note was sold and ultimately assigned by PNC to Defendant Vida Capital Group who proceeded with the foreclosure. Plaintiff seeks to clear title to her property and further alleges various improprieties against both PNC and Vida. After the resolution of two motions to dismiss from PNC, Plaintiff filed a Second Amended Complaint ("SAC") on July 25, 2017. ECF No. 44. The next day, she also filed a Motion for Temporary Restraining Order ("TRO") in which she

sought to enjoin an impending August 3, 2017 foreclosure sale by the holder of a promissory note secured by a first priority Deed of Trust by Defendant Gateway Bank, FSB ("Gateway DOT"). ECF No. 45.

The Court granted that motion on July 31, 2017, and issued a TRO preventing Gateway from advertising, selling, transferring, conveying, foreclosing upon, evicting, or any other conduct adverse to Plaintiff regarding the subject property. The Court also directed Plaintiff to file a Motion for Preliminary Injunction, which was heard on August 17, 2017. Michael Maloney and Ted Greene of the Law Offices of Ted A. Greene, Inc. appeared on behalf of Plaintiff; Patricia Lyon of French Lyon Tang appeared on behalf of Gateway; and Shannon Williams of the Law Offices of Michelle Ghidotti appeared telephonically on behalf of Vida. For the reasons below, Plaintiff's Motion for Preliminary Injunction, ECF No. 52, is DENIED, and the Court's July 31, 2017 temporary restraining order is dissolved in its entirety.

**STANDARD**

"A preliminary injunction is an extraordinary and drastic remedy." Munaf v. Geren, 553 U.S. 674, 690 (2008). "[T]he purpose of a preliminary injunction is to preserve the status quo between the parties pending a resolution of a case on the merits." McCormack v. Hiedeman, 694 F.3d 1004, 1019 (9th Cir. 2012). A plaintiff seeking a preliminary injunction must establish that he is (1) "likely to succeed on the merits;" (2) "likely to suffer irreparable harm in the absence of preliminary relief;" (3) "the balance of equities tips in his favor;" and (4) "an injunction is in the public interest." Winter v. Nat. Res. Def. Council, 555 U.S. 7, 20 (2008). "If a plaintiff fails to meet its burden on any of the four requirements for injunctive relief, its request must be denied." Sierra Forest Legacy v. Rey, 691 F. Supp. 2d 1204, 1207 (E.D. Cal. 2010) (citing Winter, 555 U.S. at 22). "In each case, courts 'must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief.'"

Winter, 555 U.S. at 24 (quoting Amoco Prod. Co. v. Gambell, 480 U.S. 531, 542 (1987)). A district court should enter a preliminary injunction only "upon a clear showing that the plaintiff is entitled to such relief." Winter, 555 U.S. at 22 (citing Mazurek v. Armstrong, 520 U.S. 968, 972 (1997)).

Alternatively, under the so-called sliding scale approach, as long as the plaintiff demonstrates the requisite likelihood of irreparable harm and shows that an injunction is in the public interest, a preliminary injunction can still issue so long as serious questions going to the merits are raised and the balance of hardships tips sharply in the plaintiffs' favor. All. for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1134–35 (9th Cir. 2011) (concluding that the "serious questions" version of the sliding scale test for preliminary injunctions remains viable after Winter).

**DISCUSSION**

The TRO issued because "Plaintiff . . . raised serious questions concerning the rights and responsibilities of the parties." Mem. & Order, ECF No. 51, at 5. Specifically, Plaintiff claimed that Vida was "required to service G[ateway]'s first mortgage." Mot. for Prelim. Inj., at 5. At the hearing, Plaintiff indicated that she intended to assert Vida was required to pay the Gateway mortgage, but she conceded that she had no authority to support such a claim. Accordingly, Plaintiff has not shown that a preliminary injunction should issue against Vida compelling them to bring the Gateway mortgage current. Nor has Plaintiff provide any authority to undermine Gateway's current right to enforce its rights under the Gateway DOT. Accordingly, Plaintiff has not shown that a preliminary injunction should issue against Gateway either.

///
///
///
///

For these reasons, Plaintiff's Motion for Preliminary Injunction, ECF No. 52, is DENIED, and the Court's July 31, 2017 temporary restraining order is dissolved in its entirety.

IT IS SO ORDERED.

Dated: August 21, 2017

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE