**1** **Brian H. Gunn (SBN 192594)**
*bhgunn@wolfewyman.com*
**2** **Jonathan C. Cahill (SBN 287260)**
*jccahill@wolfewyman.com*
**3** **WOLFE & WYMAN LLP**
**980 9th Street, Suite 2350**
**4** **Sacramento, California 95814**
**Telephone: (916) 912-4700**
**5** **Facsimile: (916) 329-8905**

**6** **Attorneys for Defendant**
**PNC BANK, N.A. (sued as PNC BANK, NATIONAL ASSSOCIATION S/B/M NATIONAL**
**7** **CITY MORTGAGE.)**

## UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA – SACRAMENTO DIVISION

| | |
|---|---|
| GENET HABTEMARIAM, | Case No.: 2:16-cv-01189-MCE-AC |
| Plaintiff, | **STIPULATION TO FURTHER MODIFY SCHEDULING ORDER AND [PROPOSED] ORDER THEREON** |
| v. | |
| VIDA CAPITAL GROUP, LLC; US MORTGAGE RESOLUTION; PNC BANK, NATIONAL ASSOCIATION S/B/M NATIONAL CITY MORTGAGE and DOES 1 to 50, inclusive, | |
| Defendants. | |

### I. INTRODUCTION

Pursuant to Rule 16 of the Federal Rules of Civil Procedure, PNC Bank, N.A. ("PNC"), Genet Habtemariam ("Plaintiff") and Vida Capital Group, LLC ("Vida") (collectively, the "Parties") hereby submit this Stipulation and request that the Court further modify the Scheduling Order to extend the deadline for filing dispositive motions, and continuing the deadline for expert disclosures accordingly. The Parties have agreed to engage in alternative dispute resolution ("ADR"), but unforeseen circumstances have delayed these efforts. The Parties still desire to engage in ADR in an attempt to resolve the matter prior to filing dispositive motions. Accordingly, modifying the Scheduling Order would allow for the preservation of the Parties' resources while allowing for a more expeditious resolution to this Action.

## II. FACTUAL AND PROCEDURAL BACKGROUND

This case arises out of Plaintiff's allegations that a 2016 foreclosure sale by Defendant Vida Capital Group LLC ("Vida") of the property located at 7 Shipmen Court, Sacramento, CA ("Property") should be set aside. Specifically, Plaintiff alleges the junior lien evidenced by the National City second Deed of Trust ("National City Second DOT"), which served as the basis of the foreclosure, is void. Further, Plaintiff alleges that PNC cancelled the debt associated with the National City Second DOT in June 2010 based upon its issuance of IRS Form 1099-C. Plaintiff alleges that upon issuance of the 1099-C, PNC should have released the National City Second DOT which would have prevented the foreclosure sale that was conducted by Vida.

PNC denies that it engaged in any wrongful conduct and asserts that all of Plaintiff's claims lack merit. Specifically, PNC asserts that Plaintiff's claims fail because the issuance of a 1099-C along with other factors surrounding the 1099-C's issuance, did not extinguish Plaintiff's debt.

On May 31, 2016, PNC removed the action to this Court. (ECF No. 1). On June 2, 2016, the Court issued its Scheduling Order. (ECF No. 4). PNC answered the Second Amended Complaint on September 18, 2017. (ECF No. 72). On March 21, 2019, the Court's entered its Order on Stipulation to Modify or Vacate Scheduling Order ("Modified Scheduling Order"). (ECF No. 101).

Pursuant to the Modified Scheduling Order, the Parties were to meet and confer pursuant to Rule 26(f) within thirty (30) days. Plaintiff and PNC did so, and filed a Rule 26(f) report on April 24, 2019. Further, all discovery, with the exception of expert discovery, was to be completed by one hundred and eighty (180) days after entry of the Modified Scheduling Order, or September 17, 2019. PNC served written discovery upon Plaintiff and took her deposition. Plaintiff and Vida did not serve any discovery or take any depositions. Plaintiff and PNC filed a joint Rule 26(f) Report and Discovery Plan on April 24, 2019. (ECF No. 102). Pursuant to this Discovery Plan, PNC timely submitted its Rule 26(a) disclosures to Plaintiff on June 5, 2019, and thereafter supplemented the same. Plaintiff and Vida did not make any Rule 26(a) disclosures. Accordingly, fact discovery has closed pursuant to the Modified Scheduling Order.

The Parties filed a Joint Status Report on November 1, 2019. (ECF No. 107). In this Joint Status Report, the Parties sought to truncate the deadline to file dispositive motions, while extending

the deadline for expert disclosures. The Parties represented that the Action could be decided via a Motion for Summary Judgment without the need for expert testimony. Based on this representation, the Court entered a minute order setting the deadline to file dispositive motions for January 17, 2020, with the deadline for expert disclosures set for 45 days after the last ruling on said motions. (ECF No. 108).

Thereafter, the Parties met and conferred and agreed to engage in concerted settlement efforts with the assistance of a neutral. Accordingly, the Parties sought and obtained an extension of the deadline to file dispositive motions to March 16, 2020.

To that end, the Parties were able to decide on a mutually acceptable date that worked for all parties and their counsel. The Parties chose a mediator, agreed to sharing of costs to be incurred, and submitted all paperwork timely to JAMS to facilitate a mediation on March 11, 2020. Despite this, the reservation for the chosen neutral was not held, and a conflict arose with that neutral's schedule. Undeterred, alternative neutrals were examined that were available on March 11, 2020. However, PNC's in-house counsel is no longer able to attend on March 11, 2020, as PNC has instituted a travel pan for its employees in reaction to Corona virus concerns.

In light of the forgoing unfortunate circumstances, the Parties seek additional time to engage in mediation. In an abundance of caution, the Parties seek an extension of the deadline to file dispositive motions in this matter to and including May 22, 2020, with the deadline for expert disclosures set for 45 days after the last ruling on dispositive motions.

### III. ARGUMENT

In the instance where a court has issued a Rule 16 scheduling order, the scheduling order "controls the subsequent course of the action." Fed. R. Civ. P. 16 (d). Modifications to a pretrial scheduling order may be granted upon a showing of good cause. Fed R. Civ. P. 16 (b). In determining whether good cause exists, courts apply the following three-part test: (1) whether the movant assisted in creating a workable scheduling order; (2) the circumstances that were beyond the movant's control and anticipation, which prevented compliance with the original scheduling order; and (3) that the movant promptly sought relief after it was apparent the scheduling order needed to be modified. *Pac.*

**STIPULATION TO FURTHER MODIFY SCHEDULING ORDER**

*Coast Fed'n of Fishermen's Ass'ns v. Murillo*, No. 2:11-cv-02980-KJM-CKD, 2017 U.S. Dist. LEXIS 45879, at *7-8 (E.D. Cal. Mar. 28, 2017).

Good cause exists to further modify the current Scheduling Order. Here, the Parties have met and conferred and have agreed to engage in concerted settlement efforts with the assistance of a neutral. Doing so prior to filing dispositive motions will preserve judicial resources and that of the Parties. Despite this desire, a number of circumstances have prevented the Parties from engaging in mediation prior to the current deadline to file dispositive motions. Should these negotiations prove fruitful, it will help expedite the disposition of this Action. Should the Action not be disposed of via a negotiated settlement, the Parties will not delay in filing motions for summary judgment.

Accordingly, the Parties seek to further modify the Scheduling Order in order to preserve judicial resources and that of the Parties, while resolving this Action in an expeditious fashion.

## IV. CONCLUSION

Based on the foregoing, the Parties respectfully request that the Scheduling Order be further modified to allow for filing of dispositive motions by May 22, 2020 and extending the expert disclosure deadline to 45 days after the last ruling on the Parties' dispositive motions.

Respectfully Submitted,

DATED: March 9, 2020        WOLFE & WYMAN LLP

By: */s/Jonathan C. Cahill*

BRIAN H. GUNN
JONATHAN C. CAHILL
Attorneys for Defendant
**PNC BANK, N.A.**

DATED: March 9, 2020        LAW OFFICES OF TED A. GREENE

By: */s/ Ted Greene*
(Electronic Signature Authorized 3/9/20)
TED GREENE
Attorneys for Plaintiff
**GENET HABTEMARIAM**

DATED: March 9, 2020

KOLESAR & LEATHAM

By: */s/ Michael R. Brooks*
(Electronic Signature Authorized 3/9/20)
MICHAEL R. BROOKS
Attorneys for Defendant
**VIDA CAPITAL GROUP, LLC**

**ORDER**

Good cause having been shown, the Stipulation to Further Modify the Scheduling Order entered into and between Defendant PNC Bank, N.A., Defendant Vida Capital Group, LLC, and Plaintiff Genet Habtemariam is GRANTED. The scheduling order (ECF No. 4) is hereby modified as follows:

1. The Parties shall file any dispositive motions on or before May 22, 2020;

2. Expert disclosures are due 45 days after the Court's ruling on the last dispositive motion; and

4. All other provisions of the Scheduling Order shall remain in effect.

**IT IS SO ORDERED.**

Dated: March 13, 2020

MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE