1  ANDREW S. ELLIOTT (State Bar No. 254757)
   ase@severson.com
2  BENJAMIN J. HOWARD (State Bar No. 320682)
   bjh@severson.com
3  SEVERSON & WERSON
   A Professional Corporation
4  595 Market Street, Suite 2600
   San Francisco, California 94105
5  Telephone: (415) 398-3344
   Facsimile: (415) 956-0439
6
   Attorneys for Defendant PNC BANK, N.A. (sued
7  as "PNC BANK, NATIONAL ASSOCIATION
   S/B/M NATIONAL CITY MORTGAGE")
8

9                UNITED STATES DISTRICT COURT

10         EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

11

| | |
|---|---|
| 12  GENET HABTEMARIAM, | Case No. 2:16-CV-01189-DC-AC |
| 13         Plaintiff, | **NOTICE OF PNC BANK, N.A.'S MOTION TO MODIFY SCHEDULING ORDER AND PERMIT A SECOND SUMMARY JUDGMENT MOTION; SUPPORTING MEMORANDUM** |
| 14         vs. | |
| 15  VIDA CAPITAL GROUP, LLC; US MORTGAGE RESOLUTION; PNC BANK, NATIONAL ASSOCIATION S/B/M NATIONAL CITY MORTGAGE and DOES 1 to 50, inclusive, | *Filed concurrently with Proposed Second Summary Judgment Motion: Notice, Memorandum of Points and Authorities; Statement of Undisputed Facts, Declarations of Michael Bivens and Andrew S. Elliott* |
| 18         Defendants. | |
| 19 | Date:    December 20, 2024<br>Time:    1:30 p.m.<br>Crtrm.:   8, 13th Floor |

## NOTICE OF MOTION AND MOTION

Please take notice that on December 20, 2024, at 1:30 p.m. or as soon thereafter as counsel may be heard in Courtroom 8 of the above-entitled Court at 501 I Street, 13th Floor, Sacramento, CA, defendant PNC Bank, N.A. ("PNC") will and it hereby does move (a) to modify the June 2, 2016, Initial Pretrial Scheduling Order in this case, as subsequently modified on March 21, 2019, January 17, 2020, March 13, 2020, and March 25, 2024, to extend the dispositive motion cutoff to 180 days after the renewed deposition of plaintiff Genet Habtemariam ("Plaintiff"), which was taken on July 26, 2024 and August 26, 2024, and (b) to permit PNC to file a second summary judgment motion.

This motion is made pursuant to Fed. R. Civ. P. 16(b)(4) and the June 2, 2016 Initial Pretrial Scheduling Order (p. 5) in this case.

The motion is made on the ground that good cause exists to allow PNC to move for summary judgment based on Plaintiff's testimony at her renewed deposition on July 26, 2024, which revealed, for the first time, that in 2011 Plaintiff (a) discovered that PNC was not treating her second mortgage loan as forgiven or canceled, and (b) suffered damage from PNC's treatment of the loan as still due and delinquent. This new evidence shows that Plaintiff's claims against PNC accrued no later than 2011 and that the applicable statutes of limitation expired on her claims against PNC before she filed this suit in May 2016.

The statute of limitations defense was alleged in PNC's answer to the second amended complaint, but was not raised in PNC's previous summary judgment motion as PNC did not then have the deposition testimony it has recently obtained showing discovery and damage in 2011.

This motion is based on the accompanying memorandum of points and authorities as well as the following attached documents that PNC proposes to file if this motion is granted: notice of motion for summary judgment or partial summary judgment, memorandum of points and authorities, statement of undisputed facts, and declarations of Michael Bivens and Andrew S. Elliott. Copies of these documents are attached as **Exhibit A**.

/ / /

/ / /

<u>Certification by Counsel</u>

The undersigned counsel meet and conferred with Plaintiff's counsel before submitting the September 3, 2024 Joint Status Report (Dkt. No. 177) and September 23, 2024 Joint Status Report (Dkt. No. 180), to discuss both PNC's Motion to Modify the Scheduling Order and anticipated Motion for Summary Judgment. The parties' meet and confer efforts were exhausted and no agreements were reached.

DATED: October 14, 2024

SEVERSON & WERSON
A Professional Corporation

By:     */s/ Andrew S. Elliott*
            ANDREW S. ELLIOTT

Attorneys for Defendant PNC BANK, N.A. (sued as "PNC BANK, NATIONAL ASSOCIATION S/B/M NATIONAL CITY MORTGAGE")

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**INTRODUCTION**

PNC moves to modify the June 2, 2016, Initial Pretrial Scheduling Order ("Order"), as later modified, to extend the deadline for dispositive motions and for permission to file a second summary judgment motion on a statute of limitations ground not raised in its original summary judgment motion.

Good cause exists for the requested modification and second summary judgment motion. The factual basis for the statute of limitations defense was first disclosed by Plaintiff in her testimony at her deposition on July 26, 2024.[1]

**II.**

**THE PERTINENT FACTS**

The Order was entered eight years ago. Under its terms, non-expert discovery was to end a year after the complaint was filed. ECF # 4, p. 3. Dispositive motions were to be filed within 180 days after the close of discovery. *Id.* at p. 5. The Order also provides that any party wishing to file more than one motion for summary judgment must seek leave of Court. *Id.*

On March 21, 2019, the Court granted the parties' joint motion to modify the Order. The non-expert discovery cutoff was extended to 180 days after the new order (or September 17, 2019), and all other deadlines were recalculated based on the new discovery deadline. ECF # 101.

On November 5, 2019, the Court further modified the Order by setting a new January 17, 2020, deadline for the filing of dispositive motions and continuing expert discovery until 45 days after the Court's ruling on those motions. ECF # 108. On January 17, 2020, the Court granted the parties' joint motion and further extended the dispositive motion filing deadline to March 16, 2020. ECF # 110. On the parties' joint motion, the Court extended the dispositive motion deadline by another six days on March 16. ECF # 115.

---

[1] Plaintiff's July 26, 2024 deposition was continued to and completed on August 26, 2024 upon Plaintiff's request.

On May 22, 2020, PNC filed its summary judgment motion which raised various arguments, not including any based on the statute of limitations. ECF # 116. Vida Capital Group, LLC joined in the motion. ECF # 118. On May 17, 2021, the Court entered its order denying summary judgment as to all but the sixth cause of action for breach of contract. ECF # 122.

Following two unsuccessful settlement conferences, in March 2024, the Court granted the parties' joint motion to amend the Order to reopen discovery for limited purposes. ECF # 169, 175.

Pursuant to Court order, the parties filed a Joint Status Report on September 3, 2024. Included in the report is the following statement:

> PNC intends to file a motion seeking leave to file a second motion for summary judgment asserting statute of limitation defenses based on Plaintiff's admissions in the July and August 2024 deposition. PNC did not assert statute of limitation arguments in its prior motion for summary judgment (Dkt. No. 116). Plaintiff will oppose PNC's motion seeking leave.

ECF # 177, pp. 2-3; *see also* ECF # 181.

## III.

### GOOD CAUSE EXISTS TO MODIFY THE SCHEDULING ORDER AND PERMIT A SECOND SUMMARY JUDGMENT MOTION

Under Fed. R. Civ. P 16(b)(4), a scheduling order may be modified "for good cause and with the judge's consent." The Order also provides that with leave of Court, a party may file more than one summary judgment motion. ECF # 4, p. 5.

In determining whether good cause exists for modifying a scheduling order, this Court has, in other cases, looked to three principal factors: (1) whether the party seeking a modification "diligently assisted the court to create a workable Rule 16 order"; (2) whether circumstances beyond that party's control and anticipation prevented compliance with the order; and (3) whether the party seeking a modification moved promptly for relief after it became apparent a new schedule was needed, the movant promptly sought relief. See, e.g., *Pac. Coast Fed'n of Fishermen's Ass'ns v. Murillo*, No. 2:11-cv-02980) 2017 WL 1166145, at *2 (E.D. Cal., Mar. 28, 2017); *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999); *Kuschner v. Nationwide Credit, Inc.*, 256 F.R.D. 684 (E.D. Cal. 2009).

1  The first of these factors is not directly applicable to this case since the Court issued the
2  Order immediately after the case was removed to this Court and without any input from any party.
3  However, as the case has progressed, PNC and Plaintiff have each actively participated in assisting
4  the Court to modify the Order to fit the circumstances of the case as it matured on the Court's
5  overburdened calendar.  Most recently, the PNC and Vida filed a motion to reopen discovery on
6  the issue of damages, particularly damages which may have accrued during the long pendency of
7  this case.  *See* ECF # 169.  The Court granted that motion in March 2024.  ECF No. 175.  So, al-
8  though the parties had no opportunity to assist the Court in making a workable Rule 16 order initi-
9  ally, PNC has worked diligently to assist the Court in modifying the original order to make it
10  workable in the circumstances of this case.

11  The second factor also weighs in favor of modifying the scheduling order.  This motion
12  and the proposed summary judgment motion are based on plaintiff's unanticipated testimony at
13  her July 26, 2024, deposition which revealed for the first time that she had during 2011, both
14  discovered that PNC was still treating her loan as due and unpaid despite the 1099-C form she had
15  received the year before and that she had suffered harm as a result.

16  This motion has been brought within two months after PNC received the transcript of
17  Plaintiff's July 26, 2024, deposition, and after Plaintiff's July 26, 2024 was continued to and
18  completed on August 26, 2024.

### IV.

### PERMISSION TO FILE A SECOND SUMMARY JUDGMENT MOTION SHOULD BE GRANTED

22  The Court should grant PNC leave to file a second summary judgment motion.  PNC's ori-
23  ginal summary judgment motion did not raise PNC's statute of limitations defense because, at that
24  time, PNC did not have plaintiff's deposition testimony revealing that she suffered injury and dis-
25  covered her claim in 2011, more than four years before she filed this action.

26  PNC's second summary judgment motion will be based solely on the statute of limitations
27  defense.  It will not seek reconsideration of any prior ruling by the Court.  Disposition of the case
28  / / /

based on the new statute of limitations evidence will speed final resolution of this drawn-out litigation and conserve the court time and effort that would otherwise be spent on a jury trial.

## V.

## CONCLUSION

For the reasons stated above, the Court should grant this motion, extend the deadline for filing dispositive motions in this case, and permit PNC to file a second summary judgment motion in the form attached hereto.

DATED:  October 14, 2024

SEVERSON & WERSON
A Professional Corporation

By: _____*/s/ Andrew S. Elliott*_____
ANDREW S. ELLIOTT

Attorneys for Defendant PNC BANK, N.A. (sued as "PNC BANK, NATIONAL ASSOCIATION S/B/M NATIONAL CITY MORTGAGE")