UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENET HABTEMARIAM,<br><br>Plaintiff,<br><br>v.<br><br>PNC BANK, NATIONAL ASSOCIATION, et al.,<br><br>Defendants. | No. 2:16-cv-01189-DC-AC<br><br>ORDER GRANTING DEFENDANT PNC BANK, NATIONAL ASSOCIATION'S MOTION FOR LEAVE TO FILE A SECOND MOTION FOR SUMMARY JUDGMENT<br><br>(Doc. No. 183) |

This matter is before the court on Defendant PNC Bank, National Association's ("PNC Bank") motion for leave to file a second motion for summary judgment. (Doc. No. 183.) Pursuant to Local Rule 230(g), the pending motion was taken under submission to be decided on the papers. (Doc. No. 191.) For the reasons explained below, the court will grant Defendant PNC Bank's motion.

On June 2, 2016, the court issued an initial pretrial scheduling order setting the fact discovery deadline "no later than 365 days from the filing of the original complaint." (Doc. No. 4 at 3.) Pursuant to that scheduling order, the deadline to file dispositive motions was "no later than 180 days after the close of fact discovery." (*Id.* at 5.) That scheduling order also directed the parties to address all issues they wished to resolve on summary judgment in one motion or cross-motion and to seek leave of court to file any additional motion for summary judgment. (*Id.*)

On May 22, 2020, Defendants PNC Bank and Vida Capital Group, LLC ("Vida Capital

1 Group") filed a motion for summary judgment in their favor on all of Plaintiff's claims brought
2 against them. (Doc. Nos. 116, 118.) On May 17, 2021, the court denied the motion for all but one
3 claim. (Doc. No. 122.)

4 Several modifications have been made to the initial scheduling order, including after the
5 court's ruling on Defendants' first motion for summary judgment. (*See e.g.*, Doc. Nos. 101, 110,
6 115, 175). Most recently, on March 22, 2024, the court granted Defendants PNC Bank and Vida
7 Capital Group's joint administrative motion to amend the scheduling order to reopen and extend
8 the fact discovery cutoff deadline under Federal Rule of Civil Procedure 16. (Doc. No. 175.) The
9 court reopened discovery for the limited purpose of allowing Defendants PNC Bank and Vida
10 Capital Group to take discovery on Plaintiff's alleged damages, including but not limited to the
11 following topics: "(1) Plaintiff's rental of the Property located at 7 Shipman Court, Sacramento,
12 CA 95823, and any income derived therefrom; (2) Plaintiff's alleged continued servicing of the
13 mortgage currently held by Gateway Bank, N.A., and (3) any additional damages Plaintiff
14 allegedly suffered since discovery closed in 2019." (*Id.* at 1–2.) The court ordered Defendants
15 PNC Bank and Vida Capital Group to complete this limited discovery by no later than 150 days
16 after the order was signed on March 22, 2024, meaning by August 19, 2024. (*Id.* at 2.)
17 Consequently, the deadline to file dispositive motions is February 18, 2025, 180 days after the
18 August 19, 2024 discovery deadline.

19 On October 14, 2024, Defendant PNC Bank filed the pending motion for leave to file a
20 second motion for summary judgment. (Doc. No. 183.) Defendant PNC Bank's proposed second
21 motion for summary judgment is based solely on a statute of limitations defense, which was not
22 raised in its first motion for summary judgment. (*Id.* at 6; *see also* Doc. No. 183-1.) Defendant
23 PNC Bank contends that at Plaintiff's renewed deposition on July 26, 2024 and August 26, 2024,
24 she "revealed, for the first time, that in 2011 Plaintiff (a) discovered that PNC was not treating her
25 second mortgage loan as forgiven or canceled, and (b) suffered damage from PNC's treatment of
26 the loan as still due and delinquent." (Doc. No. 183 at 2.) Therefore, Defendant PNC Bank
27 intends to argue Plaintiff's claims against it "accrued no later than 2011 and that the applicable
28 statute of limitation[s] expired on her claims against PNC before she filed this suit in May 2016."

1  (*Id.*) Plaintiff did not file an opposition to Defendant PNC Bank's motion for leave to file a
2  second motion for summary judgment.
3        Federal Rule of Civil Procedure 56 does not limit the number of summary judgment
4  motions that a party may file. *See* Fed. R. Civ. P. 56. The Ninth Circuit has explicitly held
5  "district courts have discretion to entertain successive motions for summary judgment." *Hoffman*
6  *v. Tonnemacher*, 593 F.3d 908, 911 (9th Cir. 2010). Because the "denial of summary judgment
7  does not preclude a contrary later grant of summary judgment," allowing a party to "file a second
8  motion for summary judgment is logical, and it fosters the 'just, speedy, and inexpensive'
9  resolution of suits." *Id.* (quoting Fed. R. Civ. P. 1). "[A] successive motion for summary
10 judgment is particularly appropriate on an expanded factual record." *Id.* Nevertheless, "district
11 courts retain discretion to 'weed out frivolous or simply repetitive motions.'" *Id.*
12       Here, Defendant PNC Bank seeks to move for summary judgment a second time based
13 solely on a statute of limitations defense not raised in its initial motion for summary judgment.
14 (Doc. No. 183 at 6.) Defendant PNC Bank contends that new evidence—Plaintiff's deposition
15 testimony from July and August 2024—shows that Plaintiff's claims against Defendant PNC
16 Bank accrued in 2011 when she allegedly became aware of harm to her credit caused by PNC's
17 reporting of her "cancelled" loan. (Doc. No. 183-1 at 4.) Defendant PNC Bank asserts that the
18 statute of limitations on Plaintiff's claims is four years. (*Id.* at 8.) Because Plaintiff filed her
19 complaint in 2016, Defendant PNC Bank asserts her claims are barred by the applicable statute of
20 limitations. As noted, Plaintiff did not file an opposition to Defendant PNC Bank's pending
21 motion. Pursuant to Local Rule 230(c), the court construes Plaintiff failure to file a timely
22 opposition as a non-opposition to the motion.
23       In light of the expanded factual record, the court will exercise its discretion and will grant
24 Defendant PNC Bank's motion for leave to file a second motion for summary judgment.[1] The
25 court finds the proposed second motion for summary judgment is neither frivolous nor repetitive.

---

[1] The court notes that a modification of the scheduling order is not required for Defendant PNC Bank to file a second motion for summary judgment because the February 18, 2025 filing deadline has not passed.

Accordingly, Defendant PNC Bank's motion for leave to file a second motion for summary judgment (Doc. No. 183) is granted.

IT IS SO ORDERED.

Dated: __**December 23, 2024**__   _____
Dena Coggins
United States District Judge